## CLARISSA A. HART vs. ELISHA S. ELMER.

A bill in equity for the specific performance of an agreement to convey land, brought to the Court of Common Pleas, alleged that the respondent had executed to the petitioner a deed of land on Main street in the city of Hartford, seventy feet in width on Main street and one hundred and seventy feet deep, for which the petitioner paid the respondent by agreement at the rate of $35 per foot on Main street, making the sum of $2,450, and that, upon the petitioner's agreement to pay him in addition the sum of $175, the respondent agreed in said deed to convey to the petitioner five feet more front adjoining the land conveyed on the south, whenever requested by the petitioner. The consideration expressed in the deed was $2,500, and the deed contained an agreement by the respondent to convey to the petitioner "five feet more front at the same price." On the hearing the petitioner offered parol evidence for the purpose of showing that the price agreed and paid for the land conveyed was $35 per foot on Main street, which was admitted by the court. The court found that the price agreed and paid for the land conveyed was $35 per foot on Main street, and that the land agreed to be conveyed was a strip on Main street adjoining the land conveyed on the south, five feet wide in front and rear, and one hundred and seventy feet deep, and decreed the conveyance of said land to the petitioner on payment of $175. Held, that the bill was insufficient to justify the admission of the parol evidence received, or to sustain the decree.

BILL IN EQUITY for the specific performance of an agreement to convey land; brought to the Court of Common Pleas, and tried before *Briscoe, J.*

The bill alleged that on the 16th of August, 1869, the respondent executed and delivered to the petitioner a deed of warranty of certain lands and tenements, of which the respondent then was, and for a long time before had been, seized in fee, lying and being situate in the city of Hartford, and de-

scribed in said deed as follows, to wit: " a certan piece of land situated on the west side of Main street in said city of Hartford, bounded north by Elmer street, one hundred and seventy feet, south by land of grantor, one hundred and seventy feet, east on Main street, seventy feet, and west on grantor, seventy feet; " that the petitioner paid the respondent by agreement at the rate of thirty-five dollars per foot on Main street for said lands, making the sum of twenty-four hundred and fifty dollars, and the petitioner ever since said 16th of August, 1869, had been seized in fee of the premises; that in consideration of said sum of twenty-four hundred and fifty dollars paid to the respondent for said lands, and upon the petitioner's agreement to pay to him the sum of one hundred and seventy-five dollars in addition, the respondent covenanted and agreed in said deed of warranty to convey to the petitioner five feet more front adjoining said described land upon the south, whenever thereto requested by the petitioner, of which last described lands the respondent was on said 16th of August, 1869, and for a long time before had been, and still was, seized in fee ; that in consequence of said covenants and agreements of the respondent, the petitioner had often called upon the respondent, and requested and demanded the conveyance to her of said five feet of land, and particularly on the 30th day of December requested him to convey the same to her, and tendered and offered to him the sum of one hundred and seventy-five dollars ; but the respondent refused to take the said sum, and refused to make the conveyance of said five feet of land to the petitioner.

The court found the following facts :

A short time prior to the 16th of August, 1869, the petitioner agreed with the respondent by parol to purchase of him a certain tract of land then owned by the respondent, situated in Hartford, on the west side of Main street, and bounded north on Elmer street, and being seventy-five feet in width, front and rear, and one hundred and seventy feet in depth, and fronting easterly on Main street, at the price of thirty-five dollars per front foot. The parties met by agreement at the office of Roger Welles, Esq., on the 16th of Au-

gust, 1869, for the purpose of executing and delivering the deed and completing the contract. Prior to the arrival of the petitioner the respondent had caused a deed to be prepared conveying to the petitioner a tract of land seventy feet in width, front and rear, and one hundred and seventy feet in depth, and bounding northerly on Elmer street, and east on Main street. The consideration expressed in the deed was $2,500. The petitioner refused to accept the deed because it did not convey all the land as agreed. Thereupon by agreement of the parties the following clause was added to the deed: "And the grantor hereby agrees to convey five feet more front to the grantee, adjoining the above piece on the south, at the same price, whenever called for by her." The deed was then executed and delivered by the respondent, and the petitioner thereupon paid to the respondent the agreed price, to wit, thirty-five dollars per front foot, on Main street, amounting in all to two thousand four hundred and fifty dollars. The land the conveyance of which the respondent agreed to make to the petitioner by the last mentioned clause in the deed was the following land, to wit: a certain piece of land, situated in Hartford, and commencing on the line of Main street, at the south-west corner of the land conveyed to the petitioner by the deed, thence running south five feet, on line of said street, thence east one hundred and seventy feet, on a line parallel with the south line of the petitioner's said land, thence north five feet to the petitioner's said land, and thence west in line of the petitioner's said land, to place of beginning. The respondent then was, and still is, the owner in fee of said strip of land, and of the adjoining lands on the south and west. Soon after the execution and delivery of the deed the petitioner demanded of the respondent a conveyance of said strip of land, and then and there tendered and offered to pay the respondent the price agreed to be pain therefor, to wit, one hundred and seventy-five dollars; but the respondent then, and has at all times, refused to convey the same to the petitioner. The petitioner desires said land to increase the size of the lot purchased, on which she has erected a dwelling-house, and an action at law for damages would not furnish an

adequate remedy. Upon the trial the petitioner offered in evidence the deed referred to in the finding of the court. The petitioner then offered in evidence certain parol testimony, and by such testimony it was proved that the actual price paid for the land conveyed by the deed was $2,450, and that that amount was made up by multiplying the number of feet of land on Main street by $35. And by like evidence it was proved that $35 was the agreed price per foot, measuring on Main street. It was likewise in the same manner proved that $2,450, the sum actually paid, was the consideration for the land conveyed by the deed, and the agreement to convey the additional quantity mentioned in the agreement. To this evidence, and to other parol evidence which was offered to show the terms, conditions and limitations of the contract, the respondent objected, upon the ground that in a bill for specific performance parol evidence was inadmissible on the part of the petitioner to explain, add to, or vary in any manner a written contract, but that such contract should be construed, and the meaning thereof determined, by reference to its own terms, or some other written contract therein referred to, and made part of the same. But the court overruled the objection and admitted the evidence.

On these facts the court passed a decree, that upon the petitioner depositing with the clerk of the court the sum of one hundred and seventy-five dollars, for the use of the respondent, he should make, execute and deposit with the clerk a good, valid and sufficient deed of conveyance of the last described tract of land, so as to convey to the petitioner an absolute title to the same in fee simple, free from all incumbrances.

The respondent moved for a new trial, and also filed a motion in error, assigning the following errors:

1. There is no allegation in the petitioner's bill of the value of the matter in demand, and hence the Court of Common Pleas had no jurisdiction of the case.

2. The value of the matter in demand, if measured by the price agreed to be paid, exceeds $500, and is $2,450, and is not therefore within the jurisdiction of said court.

3.　The contract stated is too indefinite to be the subject of a specific execution, both in the price to be paid for the land, and in the quantities to be conveyed, and in other respects.

4.　The decree grants relief not prayed for in the bill, viz.: it decrees the conveyance of a lot five feet wide, and one hundred and seventy feet deep.

5.　The decree is erroneous in that it decrees the conveyance of a lot commencing at the south-west corner of the petitioner's land, thence running south five feet on Main street, thence east one hundred and seventy feet, &c.

6.　The court erred in finding that the petitioner agreed with the respondent to purchase of him a certain tract of land then owned by the respondent situate on the corner of Main and Elmer streets, being seventy-five feet in width front and rear, and one hundred and seventy feet deep, the same being more particularly described in the finding.

7.　The court erred in finding that the petitioner refused to accept the deed, because it did not convey all the land as agreed.

8.　The court erred in finding that the land which the respondent agreed to convey by his agreement in said deed was a strip five feet in width, and one hundred and seventy feet deep, and adjoining the land conveyed by said deed on the south, and fronting on Main street; said last three findings being erroneous, because there are no allegations in the bill upon which the same can be or are predicated.

*Sill*, in support of the motions.

*A. P. Hyde* and *E. H. Hyde*, contra, cited *Campbell* v. *Wilcox*, 10 Wall., 421; *Chipman* v. *City of Hartford*, 21 Conn., 498; *Niles* v. *Williams*, 24 id., 279; *Smith* v. *Lawrence*, 26 id., 479; *Collins* v. *Tillou's Adm'r*, 26 id., 375; *Belden* v *Seymour*, 8 id., 304; *Clarke* v. *Tappin*, 32 id., 69; *Annan* v. *Merritt*, 13 id., 491; *Crocker* v. *Higgins*, 7 id., 345; *Eaton* v. *Whitaker*, 18 id., 229; 2 Swift Dig., 16, 22, 25, 30; 1 Story Eq. Jur., secs. 716, 717, 746, 751, 759–761; *Park*

v. *Johnson*, 4 Allen, 261 ; Fry on Specific Performance, secs. 295–298, 216, 420 ; Willard Eq. Jur., 267, 285, 287 ; Browne on Statute of Frauds, secs. 366, 409a, 378, 447, 448, 463, 464 ; *Old Colony R. R. Corp.* v. *Evans*, 6 Gray, 31 ; *Western R. R. Corp.* v. *Babcock*, 6 Met., 353 ; *VanDoren* v. *Robinson*, 16 N. J. Eq., 256 ; *Hurley* v. *Brown*, 98 Mass., 545 ; *Farwell* v. *Mather*, 10 Allen, 324 ; *Atwood* v. *Cobb*, 16 Pick., 227 ; 1 Greenl. Ev., secs. 277–288, 26 *note* 1 ; *Johnson* v. *Ronald's Adm'r*, 4 Munf., 77 ; *Ashcroft* v. *Morrin*, 4 Man. & Grang., 450 ; *Downey* v. *Hotchkiss*, 2 Day, 225 ; *Smith* v. *Underdunck*, 1 Sandf. Ch., 579 ; *Mundy* v. *Jolliffe*, 5 Mylne & Craig, 177 ; *Malin* v. *Brown*, 4 Comst., 403.

BUTLER, C. J. This case comes before us on a motion for a new trial, founded on the supposed improper admission of evidence, and other errors committed during the trial, and also on a motion in error containing many assignments of error, but relating principally to the insufficiency of the petition and errors in the decree.

The questions raised and discussed are quite numerous, but as most of them depend upon the sufficiency of the bill to justify the proceedings and sustain the decree, and we are all satisfied that the bill is insufficient for either purpose, the questions will not be separately considered and decided. We think it sufficient to say that the allegations of the bill are not sufficient to justify the admission of the parol evidence received or the findings of the decree.

A new trial must therefore be granted, the decree reversed, and the case remanded for further proceedings.

In this opinion the other judges concurred ; except CARPENTER, J., who was absent.